# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Allen Neely Caffey (#B-42191), ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05 C 6803 |
| Roger Walker, Jr., et al. ) | Judge James B. Zagel |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Allen Caffey, a prisoner currently incarcerated at Menard Correctional Center, filed this 42 U.S.C. § 1983 action against 23 Stateville and Pontiac Correctional Center officials, officers, internal affair investigators, hearing investigators, and hearing officers. Plaintiff alleges that the defendants retaliated against him in response to Plaintiff exercising his First Amendment right when he voiced his opinion about an investigation into drug use in prison and when he refused to answer questions during an interview. Plaintiff alleges that the defendants falsified disciplinary charges against Plaintiff, transferred him to another prison, refused to notify him about two disciplinary hearings, refused to call his witnesses at the hearings, and imposed disciplinary penalties  Plaintiff also alleged that the defendants improperly denied his challenges to the disciplinary proceedings and decisions.

On initial review of the complaint, the Court dismissed 11 defendants. Twelve defendants remain: Maurice Lake (Major at Stateville), Darrin Hunter (Major at Stateville), Daniel Quarles (Stateville Correctional Officer), Shaun Gee (Stateville Correctional Officer), Cheri Tarr (Stateville Correctional Officer), Dennis Phillips (Stateville Correctional Officer), Tammie Howard (Stateville Hearing Investigator), Michael Range (Stateville Hearing Investigator), Jim Hollenbeck (Investigator at Central Investigation Unit in Springfield), Jason Tutko (Pontiac Correctional Officer), Eric Neal

(Pontiac Correctional Officer), Jason Cremer (Pontiac Correctional Center). The remaining defendants filed a motion for summary judgment. Plaintiff filed a response, and the defendants have replied.

For the following reasons, the Court grants in part and denies in part the motion for summary judgment. Summary judgment is granted for Defendants Cremer, Neal, Tutko, Hollenbeck, Range, Howard, Phillips, Tarr, and Hunter. The claims against these defendants are dismissed and they are dismissed as defendants in this case. Summary judgment is denied with respect to the claims of retaliation against Defendants Quarles, Gee, and Lake. Plaintiff may proceed with his claims of retaliation against these three Defendants.

I.      STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. When addressing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere

existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

## II.  FACTS AND PROCEDURAL HISTORY

The pleadings and exhibits of this case indicate the following facts. On December 9, 2003, while incarcerated at Stateville, Plaintiff engaged in a conversation with Officer Daniel Quarles. Quarles informed Plaintiff that, pursuant to an investigation about drugs being brought into Stateville, drug testing was being conducted on Stateville prisoners and staff. Plaintiff responded that he was not staff and that Quarles could not accuse Plaintiff without witnesses or a positive drug test. Quarles then phoned Major Maurice Lake and had Plaintiff handcuffed and escorted to another unit, where Plaintiff was made to give a urine sample for drug testing. Plaintiff tested positive for marijuana. DE 87, Exh. A. Later that day, Quarles wrote a disciplinary report against Plaintiff charging him with a drug offense in violation of Rule 203 of Illinois Department of Corrections Rules. DE 87, Exh. C. Plaintiff contends that he never provided a urine sample and that the report of him testing positive was falsified by Quarles. DE 100, Pl's Memorandum of Law, p.5-7.

Also on December 9, 2003, Stateville Officer Shaun Gee conducted a search of Plaintiff's cell and found the following contraband: a homemade stinger, a bottle of Heinz mustard, a jar of peanut butter, one clove of garlic, an onion, and a radio. Officer Gee wrote a disciplinary charge against Plaintiff for violating Illinois Department of Corrections Rule 308 for his possession of contraband. DE 87, Exh. B Plaintiff was then escorted to a temporary confinement area. Plaintiff states that the Rule 308 charge was written in a way to indicate that Plaintiff was placed in segregation based upon

contraband being found in his cell, when in fact, he was placed in segregation for having exercised his First Amendment rights. DE 100, Pl's Rule 56.1 Statement, p.7-8.

On December 10, 2003, Plaintiff was brought to the Internal Affairs unit, and Officer Gee questioned Plaintiff about drug use in Stateville. Plaintiff refused to answer questions and stated that he was invoking his Fifth Amendment right against self-incrimination. He was then escorted back to his cell.

On December 11, 2003, Plaintiff was transferred to Pontiac Correctional Center.

On December 15, 2003, Officer Gee issued a disciplinary charge against Plaintiff, charging him with violating Department Rule 110, impeding or interfering with an investigation. DE 87, Exh. D. According to Defendants, Plaintiff refused to sign the report.

All three disciplinary reports, the Rule 203 (drug offense), Rule 308 (contraband), and Rule 110 (impeding investigation), were forwarded to the Pontiac Correctional Center Adjustment Committee. The Adjustment Committee held a hearing on the Rule 203 and Rule 308 charges on December 24, 2003. Plaintiff was not present at the hearing – according to Defendants and the verification of notification slips executed by Pontiac Officer Cremer, Plaintiff refused to attend. DE 87, Exhs. E & F. According to Plaintiff, he did not know about the hearing, and Defendant Cremer falsified the waiver to appear. DE 100, Pl's Memo of Law, p. 8-9. The Adjustment Committee found Plaintiff guilty of both charges. The hearing reports state that Investigator Michael Range spoke with Gee about the contraband violation and verified that Plaintiff had been identified by his ID card. DE 87, Exh. G. With respect to the Rule 203 drug charge, the Committee noted that Range spoke with Quarles, that Plaintiff was positively identified in giving the urine sample tested in sample kit #5 and that that sample tested positive for marijuana. DE 87, Exh. H.

On December 26, 2003, the Pontiac Adjustment Committee conducted a hearing on the Rule 110 charge, alleging that Plaintiff refused to cooperate with an investigation. Again, Plaintiff did not

appear – a verification of notice slip indicates that Pontiac Officer Neal notified Plaintiff about the hearing on December 26, 2003, but that Plaintiff refused to appear, DE 87, Exh. K; Plaintiff states that he did not receive notice of this charge until January 5, 2004. DE 100, Pl's Memo of Law, 9-10. The Committee stated that it reviewed Officer Gee's report from Stateville about his interview of Plaintiff, and the Committee found Plaintiff guilty, upon concluding that it was satisfied that the allegations in the report were true. DE 87, Exh. L.

The decisions of the Adjustment Committee were reviewed by the Illinois Department of Corrections Administrative Review Board. Plaintiff was personally interviewed by the Board. DE 87, Exh. M. On May 18, 2004, the Review Board upheld the decisions of the Adjustment Committee with respect to the finding of guilt with the Rule 308 contraband and Rule 110 impeding an investigation charges. The Board held that it was reasonably certain that Plaintiff committed these two offenses. *Id.* at Exh. M. With respect to the Adjustment Committee's finding of guilt on the Rule 203 drug charge, the Board remanded the Committee's report for Pontiac Warden Mote to explain whether Lt. Wilson and Sgt. Sullivan were called as witnesses during the investigation. *Id.* Wilson and Sullivan had provided written statements on December 12, 2003, stating that they did not personally witness a positive result on the urinalysis test, that they were not required to witness the test, and that the test was properly witnessed by Gee. DE 87, Exhs. I & J. The December 24, 2003 Adjustment Committee Report on the Rule 203 drug charge indicates that Wilson, Sullivan, and Quarles were interviewed with respect to Plaintiff's drug charge and urinalysis test. DE 87, Exh. H. On January 13, 2005, the IDOC Administrative Review Board forwarded a letter to Plaintiff, stating that Wilson's and Sullivan's statements were included in the Adjustment Committee's summary and that the Board was satisfied with the Committee's disciplinary decision. DE , 87, Exh. N.

Plaintiff received the following punishments (1) for the Rule 203 drug violation: 6 months segregation, 6 months of a demotion to C-grade, revocation of 6 months of good-time credit, 3 months of commissary restrictions, 3 months audio/visual restriction, and 6 months of restriction of contact visits; (2) for the Rule 308 contraband offense: demotion to C-grade for 3 months, and 3 months of segregation, and (3) for the Rule 110 impeding of an investigation offense: 6 months demotion to C-grade, segregation for 6 months, revocation of good-conduct time for 3 months, and loss of commissary and video/audio privileges for 3 months. DE 87, Exhs. G, H, L. and O.

Plaintiff filed grievances about the hearings and lack of notification of hearings. Plaintiff alleges that the warden at Pontiac knew that Plaintiff had not tested positive, had not refused to participate in an investigation, and that the hearings violated Plaintiff's due process rights because he was not allowed to call witnesses and because the hearings were not conducted within 14 days.

In 2004 and 2005, Plaintiff received notice that his grievances had been denied. Plaintiff filed additional grievances, which were denied. DE 100, Pl's Memo of Law, p.10-11; *see also* Exhibits attached to Pl's complaint. This suit followed in 2005. In his suit, Plaintiff named 23 defendants.

On initial review, the Court determined that Plaintiff could not proceed with his claims that certain defendants inadequately reviewed, insufficiently investigated and unjustifiably denied Plaintiff's grievances, in which Plaintiff challenged the disciplinary proceedings. DE 12, Order of 4/6/06. The Court held that the grievance officers, prison officers and warden, and Administrative Review Board members could not be held liable for denying or inadequately investigating grievances; that Plaintiff could not seek damages in a civil rights action if a favorable ruling would call into question the validity of a prison disciplinary decision that affected the duration of the plaintiff's sentence, unless and until the disciplinary decision was declared invalid on direct or collateral review or by some other means; and that Plaintiff's other disciplinary penalties did not impose an atypical hardship on Plaintiff other than the ordinary incidents of prison life. *See id.*, *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th

Cir. 1996); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Sandin v. Conner*, 515 U.S. 472, 484-85 (1995). The Court dismissed 11 defendants, and allowed Plaintiff to proceed with his allegations of retaliation against the remaining 12 defendants.

With respect to the remaining defendants, the Court summarizes, as the parties have done in their pleadings, Plaintiff's claims against each defendant. *See* DE 100, Pl's Rule 56.1 Statement; DE 87, Defs' Rule 56.1 Statement; *see also* DE88, Exh. Q (Pl's deposition).

Daniel Quarles: Plaintiff alleges that Quarles retaliated against Plaintiff when, in response to Quarles's statements that staff and inmates were being tested for drug use, Plaintiff stated that it was impossible for inmates to come in contact with drugs, that the investigation involved only staff, and that it was wrong for Quarles to insinuate that Plaintiff or inmates use drugs. Plaintiff states that, in response to his comments, Quarles phoned Maurice Lake and then handcuffed Plaintiff and escorted him to confinement in another area of the prison. Plaintiff alleges that Quarles then falsified the 203 disciplinary report that charged Plaintiff with drug use and stated that his urine sample tested positive for marijuana. *See* DE 100, Pl's Rule 56.1 Statement, p.4; DE 88, Exh. Q, p.13-17.

Maurice Lake: Plaintiff alleges that Lake conspired with Quarles to retaliate against Plaintiff for his comments to Quarles; that Quarles spoke to Lake by phone shortly after Plaintiff made his comments; and that Lake signed the disciplinary reports charging Plaintiff with drug and contraband violations. DE 100, Pl's Rule 56.1 Statement, p.2; DE 88, Exh. Q, p.12.

Darrin Hunter: Plaintiff alleges that Hunter reviewed, signed off on, and decided to issue all three disciplinary reports. DE 100, Pl's Rule 56.1 Statement, p.3; DE 88, Exh. Q, p.21.

Tammie Howard: Plaintiff alleges that Howard presented the Adjustment Committee with the 308 disciplinary charge of a contraband violation, as well as the other charges, and wrongfully determined that the charges justified a hearing. DE 100, Pl's Rule 56.1 Statement, p. 3.

Jason Tutko: Plaintiff states that Pontiac Officer Tutko failed to serve Plaintiff with notice of the Rule 110 disciplinary charge within 8 days and falsely accused Plaintiff of waiving service of notice. DE 100, Pl's Rule 56.1 Statement, p.5; DE 88, Exh. Q, p.28-29

Shaun Gee: Plaintiff alleges that Gee was present during the initial discussion between Quarles and Plaintiff, that Gee knew about the retaliation, and that Gee knew that Plaintiff did not provide a urine sample, but conspired to accuse Plaintiff of testing positive for marijuana use. Plaintiff states that Gee also served the 308 contraband disciplinary charge over eight days after it was issued. Plaintiff further states that Gee unjustifiably caused Plaintiff to be questioned about drug use, where Plaintiff refused to answer questions, which led to the Rule 110 disciplinary charge. DE 100, Pl's Rule 56.1 Statement, p.6-8; DE 88, Exh. Q, p.16-19.

Cheri Tarr: Plaintiff states that Tarr falsely indicated that she witnessed Gee conduct a search of and found contraband in Plaintiff's cell. Plaintiff states that he was never housed in the cell or unit stated in the Rule 308 disciplinary charge and that he never possessed the contraband. DE 100, Pl's Rule 56.1 Statement, p.8; DE 88, Exh. Q, p.25-27.

Dennis Philips: Plaintiff states that Phillips falsely indicated that he witnessed Gee conduct a search of Plaintiff's cell and found contraband. Plaintiff alleges that Philips conspired with Gee to lie about finding contraband in Plaintiff's cell. *See* DE 100, Pl.'s Rule 56.1 Statement, p.8-9; DE 88, Exh. Q, p.19-22.

Michael Range: Plaintiff alleges that Range, an Adjustment Committee member, falsely stated in a report in response to the Review Board's remand, that Lt. Wilson's and Sgt. Sullivan's were contacted. Plaintiff states that Range created "a completely new summary report to cause the record to appear as though the witnesses had been contacted on December 12, 2003." DE 100, Pl's Rule 56.1 Statement, p.9. Plaintiff states that, contrary to the report, Range never contacted the witnesses. *Id.*; DE 88, Exh. Q,, p.26-28.

Eric Neal: Plaintiff alleges that Neal falsely indicated that Plaintiff waived his right to be present at the December 26, 2003, hearing on the Rule 110 charge for not cooperating with the Stateville investigation. DE 100, Pl's Rule 56.1 Statement, p.10; DE 88, Exh. Q, p.30-31.

Jason Cremer: Plaintiff states that Cremer lied about Plaintiff waiving his right to be present at the December 24, 2003, hearing on the Rule 203 and 308 charges for a drug offense and possessing contraband. DE 100, Pl's Rule 56.1 Statement, p.11; DE 88, Exh. Q, p.32.

Tammie Howard: Plaintiff states that Howard was the Adjustment Committee Hearing Officer at Pontiac for the December 24, 2003, hearing on the Rule 203 and 308 charges, that Howard deprived Plaintiff of his liberty interest when she conducted the hearing and found against Plaintiff on both charges. DE 100, Pl.'s Rule 56.1 Statement, p.12-13; DE 88.

Jim Hollenbeck: Plaintiff alleges that Hollenbeck conspired with Gee to question Plaintiff on December 10, 2003, about drug use in Stateville. Plaintiff states that Hollenbeck harassed Plaintiff by questioning him about drug use in prison. DE 100, Pl's Rule 56.1 Statement, p.13; DE 88, Exh. Q, p.21-22.

III. ANALYSIS:

Prisoners have a First Amendment right to free speech, *see Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000); however, that right may be limited significantly to serve legitimate penological interests. *Ustrak v. Fairman*, 781 F.2d 573, 580 (7th Cir. 1986). To establish a claim of retaliation for exercising free speech, the plaintiff must demonstrate that he engaged in protected First Amendment

activity, i.e. activity related to a public concern, *see McElroy v. Lopac*, 403 F.3d 855, 858-59 (7th Cir. 2005), and that the defendants retaliated against him based upon that activity. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).. The plaintiff must show a chronology of events from which retaliation can be inferred and show that retaliation was a motivating factor for the defendants' conduct. *See Babcock v. White*, 102 F.3d at 275. The plaintiff must be able to establish a retaliatory motive and resulting conduct because of that motive. *Id.* Even if the plaintiff establishes a retaliatory motive, he must further demonstrate that the complained of action would not have occurred without the retaliatory motive. A retaliation claim does not exist if the complained of actions would have still occurred. *Id.* "The ultimate question is whether events would have transpired differently absent the retaliatory motive." *Id.* (*citing Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 287 (1977)).

Plaintiff's claims of retaliation all stem from his conversation with Quarles about an investigation of drug abuse by prison staff members. According to Plaintiff, his words or banter with Quarles resulted in Quarles falsifying a report stating that Plaintiff tested positive for marijuana; Quarles and Lake having Plaintiff handcuffed and escorted to another area of the prison; Officer Gee conducting a cell search and writing a false report stating that Plaintiff had contraband in his cell; and Plaintiff being questioned the next day by Officer Gee and Internal Affairs officers about drug use in prison. *See generally* DE 88, Exh. Q, p.10-20;DE 100, Pl's Rule 56.1 Statement, p. 2-8; Complaint, 5-7.

The other defendants are named for allowing disciplinary charges proceed against Plaintiff, for finding against Plaintiff, and for falsifying Plaintiff's waiver to be present at the hearings. With respect to the other defendants (Hollenbeck, Howard, Range, Philips, Cremer, Neal, Tutko, Tarr, and Hunter), Plaintiff does not allege, nor does he present any evidence indicating, that they knew about the initial conversation; that they acted with any retaliatory motive against Plaintiff; or that they knowingly and willingly joined a conspiracy to retaliate aginst Plaintiff. *See generally* DE 88, Exh. Q; DE 100; *see also* Complaint, p.5-11. The summary judgment evidence presented by the defendants shows that these

defendants performed their duties with respect to investigating and conducting the disciplinary actions against Plaintiff. *See* DE 87, Exhs. B-N. Plaintiff's allegations that these defendants lied when stating that Plaintiff waived his right to be present at the disciplinary hearings, failed to investigate adequately the charges, or erred in ruling against Plaintiff – though arguably attempting to assert due process challenges to the disciplinary proceedings – do not indicate that these defendants acted with any retaliatory motive. Plaintiff's allegations, at most, insinuate that his comments to Quarles mushroomed into a large conspiracy to lodge false disciplinary charges against Plaintiff and transfer him to another facility. *See* DE 88, Exh. Q; DE 100. However, conclusory statements and speculation cannot sustain a non-movant's burden on summary judgment. *See Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999). The summary judgment evidence demonstrates that Plaintiff cannot show that the defendants other than Quarles, Lake, and Gee knowingly participated in a conspiracy to retaliate against Plaintiff.

Accordingly, Plaintiff may proceed with his claims of retaliation against Defendants Quarles, Gee, and Lake – Plaintiff alleges that: Quarles retaliated against Plaintiff in response to him voicing his opinion of a drug investigation; Gee was present during the initial conversation between Quarles and Plaintiff; Gee and Quarles subsequently filed false disciplinary charges against Plaintiff; Lake was phoned right after Plaintiff's comments to Quarles; Lake directed that Plaintiff be handcuffed and placed in a segregation unit, and Lake then signed off on the disciplinary charges. Although it is questionable that Plaintiff's comments to Quarles led to the filing of three false disciplinary charges, none of these three defendants have submitted affidavits or other evidence, except the documentary evidence of the disciplinary charges and proceedings. At this stage of this case, there is essentially conflicting allegations, and thus a question of material fact as to whether these defendants retaliated against Plaintiff for his statements to Quarles. However, the summary judgment evidence demonstrates that Plaintiff cannot link the other defendants to Lake, Gee, and Quarles' alleged retaliation, or that the other defendants knowingly participated in a conspiracy to falsely accuse and discipline Plaintiff.

Plaintiff may thus proceed with his retaliation claims against Lake, Gee, and Quarles. The summary judgment motion for these defendants is denied. Summary judgment is granted with respect to the retaliation claims against the other defendants, and the retaliation claims against them are dismissed.

Without a retaliatory motive, Plaintiff's claims against the other defendants (Tarr, Phillips, Neal, Cremer, Tutko, Hunter, Hollenbeck, Howard, Range) concern only their actions or inactions with respect to the disciplinary proceedings. The summary judgment evidence presented by the defendants, *see* DE 87, Exhs. A-O, demonstrates that proper procedures were followed with the disciplinary proceedings and that the disciplinary decisions were based upon some evidence. Plaintiff's response, essentially assertions that the defendants lied, *see* DE 100, is insufficient to counter the summary judgment evidence presented by the defendants. *See Stagman,* 176 F.3d at 995. Nevertheless, even if Plaintiff could demonstrate that there is a disputed issue of material fact with these defendants' actions, given the disciplinary penalties he received, Plaintiff cannot establish a claim for § 1983 relief.

Plaintiff received the following penalties: (1) for the Rule 203 drug violation: 6 months segregation, 6 months of a demotion to C-grade, revocation of 6 months of good-time credit, 3 months of commissary restrictions, 3 months audio/visual restriction, and 6 months of restriction of contact visits; (2) for the Rule 308 contraband offense: demotion to C-grade for 3 months, and 3 months of segregation; and (3) for the Rule 110 interfering with an investigation violation: 6 months demotion to C-grade, segregation for 6 months, revocation of good-conduct time for 3 months, and loss of commissary and video/audio privileges for 3 months. DE 87, Exhs. G, H, L. and O.

To obtain § 1983 relief, a plaintiff must establish that the defendants deprived him of a constitutional or federal right, and that the defendants acted under color of state law. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). A prisoner is entitled to due process protections before being deprived of a liberty interest. Such protections include: advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written

explanation of the disciplinary decision, supported by at least "some evidence" in the record. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006), *citing Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). However, such due process rights apply only with the deprivation of a constitutional liberty interest. Being placed in segregation or moved to another prison, the loss of commissary and audio/visual privileges, the temporary demotion in grade, and the limited restriction on visits do not state constitutionally protected liberty interests. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Wilkinson v. Austin*, 545 U.S. 209, 222-24 (2005); *Townsend v. Fuchs*, 522 F.3d 765, 771-72 (7th Cir. 2008) (transfer to another unit or prison does not trigger due process concerns unless the transferee location has unduly harsh conditions); *Nance v. Vieregge*, 147 F .3d 589, 590 (7th Cir.1998)(loss of commissary privilege does not affect a constitutional liberty or property interest); *Tullis v. DeTella,* 1999 WL 90650 at 4 (N.D. Ill 1999) (loss of audio/visual privileges is not an atypical and signification deprivation); *Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005) (temporary demotion in grade does not constitute a deprivation of a protected liberty interest); *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) (limited restrictions on visitation privileges is not a dramatic departure from accepted standards of conditions of confinement and does not trigger due process concerns).

These restrictions may give rise a § 1983 claim if imposed with an unconstitutional motive, such as retaliation. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)*; Black v. Lane*, 22 F.3d 1395, 1402-03 (7th Cir.1994), *citing Sprouse v. Babcock*, 870 F.3d 450, 452 (8th Cir. 1989) (filing of disciplinary charges which may not be actionable under §1983, may become actionable if performed out of retaliation of a plaintiff's exercising of a constitutional right). However, absent a retaliatory or other unconstitutional motive, the deprivations (other than the loss of good time credit) do impose an atypical hardship on Plaintiff outside the ordinary incidents of prison life and do not give rise to a due process or § 1983 claim. *See Sandin*, 515 U.S. at 484-86.

With respect to the loss of good time credit, Plaintiff cannot assert a § 1983 action if success on his claim would indicate the invalidity of such a penalty, so long as Plaintiff is able to challenge the

disciplinary action in a habeas proceeding. A challenge to the fact or duration of confinement or to recover good-time credits lost in a prison disciplinary proceedings must be sought in a habeas proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Prieser v. Rodriguez*, 411 U.S. 475, 489 (1973). Prisoners who want to challenge disciplinary decisions revoking good-time credits must seek habeas corpus relief because they are contesting the duration of their custody. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 486-87. To the extent that Plaintiff seeks relief for the defendants' alleged torts with his disciplinary decisions, he may not seek damages in a § 1983 action, if success on that claim would call into question the decision revoking good time credits. Rather, such challenges must be asserted in a habeas proceeding.

Given that the summary judgment evidence demonstrates that Plaintiff's claims against Defendants Tarr, Phillips, Neal, Cremer, Tutko, Hunter, Hollenbeck, Howard, and Range are without merit and that the disciplinary penalties imposed do not currently give rise to a § 1983 claim, summary judgment is granted for these defendants, and they are dismissed as parties to this suit.

## CONCLUSION

For the reasons state herein, the motion for summary judgment [DE 84] is denied in part and granted in part. The motion for summary judgment is denied with respect to Defendants Quarles, Gee, and Lake. Plaintiff may proceed with his retaliation claim aginst these Defendants. Summary judgment is granted for the other Defendants, Tarr, Phillips, Neal, Cremer, Tutko, Hunter, Hollenbeck, Howard, and Range, and these Defendants are dismissed.

By: /s/ JAMES B. ZAGEL
    **Judge James B. Zagel**
    **United States District Court Judge**
    **Northern District of Illinois**

**Date: August 28, 2008**